Good morning, Your Honors. Marie Kyle on behalf of the petitioner. I'll have to move the microphone down so we can hear you. We have digital recordings as well, so I want to make sure we capture your argument. Go ahead. Thank you. Your Honors, the government cannot have it both ways. When the Unborn Victims of Violence Act was signed into law in April of 2004, a violent attack on a pregnant woman was defined as two distinct crimes, one crime against the woman and one crime against the unborn child. We cannot recognize the rights of an unborn child in one instance and then deny them in others. Well, why not? I mean, we have to first go to what the language is, right? And the language that you have to deal with is born. And let's say if you're talking about whether a pregnant woman has her child been born, if she's seven months pregnant, her child has not been born. So, you know, you can define things. We can define things any way we want. I mean, you have to deal with the language of the statute that you're talking about. So tell me how we get around born. Your Honor, I believe that the INA does contemplate this situation because the complete reading of INA section 101b1a defines born in wedlock. That's a reference to the marital status of the parents. The parents in this case, the Petitioner and his wife, were married, and this child was indeed going to be born in United States soil. If the mother travels around the world, the child becomes a citizen every place somebody goes. Is that the point? Your Honor, citizenship law, as you are very well aware in this country, requires birth within the United States. Well, let's say that's what the citizenship law requires in all countries. Then, as a mother, or in many countries, as a mother goes around the world, the child becomes a citizen each place the mother goes. Is that right? That's your point? Your Honor, that's not in essence what we are trying to say here. What we are saying is that the mother who resides in, perhaps as a citizen, I couldn't tell for sure from the papers, of Canada, if she comes into the United States, the child she's carrying then becomes a U.S. citizen. Is that correct? Your Honor, that's what we're articulating here is that we had already had an intention on the parent, sorry, an intention by the parents. We have an intention by the parents to have the child born within the United States. And the relevant issue here is the parents intend to have it happen, then this child becomes a citizen. And if the parents then think, well, you know, I think maybe we'll have the child in England instead. Then the child becomes a citizen of England. Is that your point? Your Honor, the point that we are making here is that the focus on this, in this inquiry, is the exceptional, extremely unusual hardship afforded to the fetus, to the child. But let's move on to that. Where is the evidence of hardship? Your Honor, we were unable to present evidence of hardship at the immigration court level. Yes. Where is the evidence of hardship? Your Honor, since the application was pre-termitted, by definition, we weren't able to go through that extra inquiry as to the exceptional, extremely unusual hardship to the child. I think the IJ listened to your, listened to the case you wanted to put on and came to the end and said, you haven't shown hardship. You haven't even tried. Your Honor, I believe that the IJ, in pre-termitting the application, denied Petitioner the opportunity to present that evidence. And additionally. But there isn't any indication that this child was anything but a normal child, right? Your Honor, that was a factual inquiry that the IJ should have taken into account. But by pre-termitting the application, the Petitioner wasn't able to present evidence regarding whether or not this child was healthy. All right. But then that even, you know, if, but then even on the motion to remand, you just put in a birth certificate, right? That's correct, Your Honor. And. So why wouldn't you have a, you know, why isn't a motion to remand the same as a motion to reopen, and you have to show that you're entitled to relief? And so I still don't see any indication that this child's anything but a normal child. Your Honor, on the motion to remand, we did establish prima facie eligibility to relief by the submission of the birth certificate. The fact finding. You have to submit evidence of hardship. You're not eligible for it, even if there's no hardship. Your Honor, we would maintain that by establishing the existence of the qualifying relative. Did you submit any evidence of hardship to the BIA? Your Honor, the birth certificate alone was submitted to the BIA. All right. Well. And the BIA said, you know what, no hardship established. Do we even have jurisdiction to review that? Your Honor, I maintain that you do indeed have jurisdiction to review the BIA's decision on the remand issue. Do we have the BIA's decision insofar as it says we don't find hardship, let's say sufficient hardship, to grant a petition? Do we have jurisdiction to review that determination? Your Honor, I believe you do have jurisdiction to review errors of law by the BIA. And I believe as a matter of law, we did establish prima facie eligibility by submitting a birth certificate. Why is that prima facie? I think that's the question. Because you have to – certainly that solves your qualifying relative problem, but it doesn't show hardship. We get all sorts of cases, and most people say, okay, here's my evidence of hardship. But I think you didn't put on that evidence for one reason or another. The BIA said that's the reason we're deciding it the way we are. What's wrong with that decision as we look at it? Your Honors, the issue is, is that the BIA can't do that fact-finding on the exceptional extremely unusual hardship. That fact-finding – No, but what it can do is – and not to interrupt – but what it can require is that you show a prima facie case so they don't engage the immigration judges in a pointless hearing. And that's what we've said. You can put on evidence. The BIA doesn't pass on it, but they can either remand or not remand. So all we have in front of us is the birth certificate. The BIA says, well, that's not enough. What's wrong with that? Your Honor, the issue with that is that the standard of exceptional extremely unusual hardship is so fact-specific and fact-determinative. You can't be expected to – the BIA isn't a forum for providing those facts. You can't provide testimony to people. Well, actually, it is. I mean, in terms of establishing a prima facie case, we've heard cases this week in which the BIA is presented with evidence of here's a child who has a severe disability. And the question is, well, should they have remanded or not? So people do it. But let me ask you this. Let's peek behind the curtain. What evidence would you put on, theoretically, if you had a – on hardship as to this child? And I understand it's not in the record. I'm just – I'm just curious. What's your – what's your best case? Well, from a speculative position, Your Honor, obviously, as it's not in the record, we could look to the emotional trauma that – Is this a healthy child? Your Honor, to the best of my knowledge, this child is relatively healthy. However, once again, as this isn't a part of the record here where I'm speculating, at the IJ level, we could present evidence about extreme emotional hardship or trauma. You know, counsel, it sounds a lot like you have a cause in search of – in search of a case. But you got the wrong case to advance your cause. That's what it sounds like. The most you've got is a child who mother came across the border and had the child there. That's what you got. And you say that means that the father should be able to stay here because there's hardship to the citizen child. And we're going to prove that, but you don't seem to have any evidence of that. I understand it's not in the record. Judge Thomas already suggested that. You say, oh, well, not to worry, judges. Right? You should reverse the BIA, even though we didn't put on any evidence of hardship. Your Honor, the cause that we are advancing is that we should have been afforded the opportunity at the IJ level to put on the evidence of hardship. You want to save some time for rebuttal? I would, Your Honors. Thank you. We'll hear from the government. Good morning, Your Honor. May it please the Court. Manuel Palau for the respondent in this case. The immigration judge here properly denied the application for cancellation removal because Mr. Partap, plain and simple, lacked a qualifying relative. He testified as to all possibilities of relatives he could have had. He had none. All he proposed as his relative was his unborn child. The INA, which is controlling here, is very clear and straightforward that an unborn child does not qualify as a qualifying relative for cancellation purposes. There's no specific case on this, though, is there? I'm not aware of any. I mean, you're just going by the language. Yes, ma'am. The reasons we state in our brief are pretty straightforward, that the INA refers to a child born, which is the child's status, in wedlock, which is the parent's status. Here the child was not born at the time of the proceeding. Additionally, it must be a U.S. citizen child. You cannot be a U.S. citizen while you're in utero. That's just common sense. As far as evidence of hardship before the IJ, I'm having a hard time imagining what evidence could have been put on before the IJ with respect to an unborn child. Secondly, if he feels that there might be --. Well, if you could, if you'd had an -- let's say you'd had some tests, and it showed that the child had some birth defects or was going to be born with certain genetic problems, and that those, you could show that those genetic problems are specifically treated at the male clinic or something, and that they would have no, you know. So, I mean, arguably, I mean, I can think of things that I would put on if I knew, had information about the unborn child. Well, two responses, Your Honor. The child, if the child is born in the U.S., the child, I mean, if you consider that child to be a U.S. citizen, the child can stay in the U.S. and get whatever treatment he or she needs. But the real answer, I believe, is that if there was such evidence in existence, the Petitioner could have proffered it to the immigration judge. I don't ‑‑ I didn't see in the transcript where he asked, may I please put on evidence of the hardship, Your Honor, despite your petermitting my claim. That just didn't happen. And secondly, your assurance of that is that in the motion to reopen, that was another opportunity to put that evidence on after the child was born, when he, in fact, was a qualifying relative. Not one shred of evidence was put on. The only evidence that was put in ‑‑ Is that a motion to reopen or a motion to remand? There's somewhat interchangeable, Your Honor. It's the same standard. Basically, you're asking the board, my proceeding is closed. I'd like you to reopen it so I can apply for certain relief. Here, cancellation. And I'm going to show you a prima facie case that if you do reopen, that I can prove I'm qualified for this form of relief. Right. Well, they're not the same, but the standard is pretty similar. Yes, sir. Now, on the motion to remand, I gather you don't quarrel that if a prima facie case of hardship had been tendered, that the BIA should have remanded. Is that right? I do agree with that, Your Honor. Yes, sir. Okay. The only evidence that was put on is the fact of birth. Right, sir. Basically, but ‑‑ No, I mean, I guess what I'm saying is I just want to make sure I understand the relative now. That's something that we might reconsider, but you just have to put on evidence as to satisfying all the prerequisites, right? That's correct, sir. I mean, all they said was the child has been born, but that gave no assurance to the board that if they, in fact, reopened the case, that he could put on any evidence of eligibility. I guess another way to look at it is he could have had a relative that was in existence during his original immigration proceeding, and he just didn't cite that relative. So in other words, the fact that you have a qualifying relative does not entitle you to relief of cancellation or removal. We don't specifically argue, Your Honor, I think it was an interesting point, that had ‑‑ about the court's jurisdiction over a hardship determination. We mentioned that in a footnote in our brief. There wasn't one made in this case. No, I mean, there was no hardship determination. Yeah, it was an interesting question, but I don't think that really happened here. All right. Any further questions from the panel? I think we have your argument in hand. Thank you. Thank you, Your Honor. I think you've got about two minutes for rebuttal. Your Honors, at this juncture, we are unfortunately left with speculation as to what evidence could have or might have been put on. The problem in this case was the pretermission of the application. The refusal of the BIA to remand for further factfinding cut off that line of inquiry. Petitioner does maintain that he should have had the opportunity, both at the immigration judge level, prior to the immigration judge's pretermission of the application to put on his evidence. The immigration judge attempts to cover the tracks and say, well, you know, I'm going to pretermit this application, but then on the other hand, I'm going to find that there was no evidence anyway. By pretermitting the application, the immigration judge cut off that line of inquiry and denied Petitioner the opportunity to present that evidence by saying that he didn't have that qualifying relative. Well, how were you cut off when you asked to reopen or to remand? How were you cut off in putting on that evidence there? Your Honor, once again, by not remanding, by not complying with the standard on a motion to remand, by not allowing that motion to remand to further articulate the remedy requested, the BIA, by refusing to remand, denied that opportunity to put on that line of inquiry. Well, I understand. I appreciate your tenaciousness, but there's – I think you're not hearing what we're saying. I am, Your Honors. I am just attempting to articulate. In any event, Your Honors, we do maintain that Petitioner did have a qualifying relative in his unborn child and that the BIA should have remanded to allow the exceptional, extremely unusual hardship issues as to that qualifying relative to be presented at the immigration court level. If Your Honors have no further questions, the case stands submitted. Thank you very much for your argument. The case is here to be submitted for decision.
judges: Fernandez, Thomas, Callahan